IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| TYRONE NUNN, SR.,<br>    Plaintiff, | :<br>: BIVENS<br>: 28 U.S.C. § 1331<br>: |
| v. | :<br>: CIVIL ACTION NO. |
| MIKE FRITZ; BRIAN SIMS,<br>    Defendants. | : 3:11-CV-027-TWT<br>:<br>:<br>:<br>: |

## ORDER AND OPINION

Plaintiff has submitted the instant <u>Bivens</u> action pursuant to 28 U.S.C. § 1331 and seeks leave to proceed without prepayment of the $350.00 filing fee, other fees or security therefor, pursuant to 28 U.S.C. § 1915(a). Plaintiff, however, is prohibited from doing so by Subsection (g) of 28 U.S.C. § 1915.

According to Subsection (g) of 28 U.S.C. § 1915, a prisoner is prohibited from bringing a civil action in federal court <u>in forma pauperis</u> "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The records of the Federal Courts indicate that Plaintiff has filed at least three complaints in various districts that were dismissed pursuant to 28 U.S.C. § 1915 prior to service of process. See Nunn v. Clay County Hosp., Civil Action No. 7:05-CV-515-SLB (N.D. Ala. 2005); Nunn v. Bailey, Civil Action No. 3:05-CV-1059-MHT-VPM (M.D. Ala. 2005); Nunn v. Bank of Wedowee, et al., Civil Action No. 3:03-CV-392-MEF-VPM (M.D. Ala. 2003). Furthermore, this Court finds no indication that Plaintiff is "under imminent danger of serious physical injury." Accordingly, leave for Plaintiff to proceed in forma pauperis is hereby **DENIED.**

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner . . . must pay the filing fee at the time he initiates the suit." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). See also Simmons v. Zloch, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to Dupree and affirming denial of in forma pauperis motion and dismissing complaint pursuant to § 1915(g) because

there was no evidence that the plaintiff paid the filing fee at the time he initiated suit or that he was in imminent danger of serious physical injury).

**IT IS THEREFORE ORDERED** that the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 9 day of March, 2011.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE